THOMAS H. CHRISTIAN *v.* W. H. GIBBS, AUDITOR.

1. CHANCELLOR. *Appointment. Authority of governor.*
   The governor has no authority to appoint a judge or chancellor to a full term, upon the expiration of a preceding one, during a recess of the senate.

2. SAME. *Holding over.*
   Neither by the common law nor by our Constitution are judges permitted to hold over after the expiration of their terms.

3. Officer de Facto. *Claim for compensation.*

A *de facto* officer can maintain no action for compensation. Such an officer exists merely by sufferance, and can assert no affirmative claim of any sort.

4. Officers. *Salaries. Two claimants.*

Two officers are not entitled to receive salaries for the same office at the same time, unless by legislative provision; and if one has been paid, and the other is seeking to enforce payment of the salary claimed by him, he must show that he and not the one paid is legally entitled to the salary.

Error to the Circuit Court of Hinds County.

Hon. George F. Brown, Judge.

On the thirteenth day of April, 1875, Thomas H. Christian filed a petition in the Circuit Court of Hinds County against W. H. Gibbs, State auditor, alleging that on the first day of July, 1870, the petitioner was appointed, with the advice and consent of the State senate, chancellor of the fourth chancery district of the State of Mississippi, for the constitutional term, and until his successor in office was duly elected and qualified; that on the first day of July, 1874, he was re-appointed and re-commissioned, by the lieutenant-governor of the State, then acting governor; that under and by virtue of said appointment and re-appointment and commissions made and given on the first day of July, 1870, and the first day of July, 1874, he faithfully performed the duties of said office until the thirteenth day of January, 1875, when he was legally superseded in said office by the appointment of his successor, duly made by the governor of the State, with the advice and consent of the senate; that the petitioner's legal right to hold said office was never contested by any legal proceedings by the State, or any one claiming right or title to said office, until he was superseded by due course of law on said thirteenth day of January, 1875; that he was by the laws of the State of Mississippi entitled to a salary of $3,500 per annum out of the treasury of the State, and to receive a warrant from the State auditor quarterly, in instalments, but that the auditor refused to issue any warrant for the petitioner on account of such salary. The petitioner prayed for an alternate *mandamus* requiring the auditor to issue the warrants claimed to be

due the petitioner, or show cause to the contrary. The judge granted the writ prayed for. At the June Term, 1875, of said court the defendant demurred to the complainant's petition, for insufficiency in law. The court sustained the demurrer, and decreed that the petitioner's term of office as chancellor expired on the twenty-ninth day of June, 1874, and that his acts in said office subsequent thereto were unauthorized by law, and did not entitle him to any salary from the State. The petitioner brings the case to this court by writ of error, and assigns for error the action of the court below in sustaining the demurrer to his petition.

*Thomas H. Christian*, the plaintiff in error, *pro se.*

1. The Constitution makes no provision for a chancellor holding over, and the statute makes none, unless art. 307 of the Code can be so construed, and consequently, unless the incumbent holds over, there would be an interregnum in the office. The Bill of Rights, in § 28, provides that " all courts shall be open, and every person for an injury done him in his lands, goods, &c., shall have remedy by due course of law, and right and justice administered without sale, denial or delay." An interregnum for any length of time would be a closing of the courts, and a virtual denial and delay of justice. The Supreme Court of Maryland, in regard to the comptroller of the State, declared that though the Constitution does not provide that said officer shall hold over until his successor is elected and qualified, yet it is its obvious spirit and intention. *Thomas* v. *Owens*, 4 Md. 189. In California it was decided that the State librarian holds over by right until his successor is duly elected and qualified, although there is no statutory provision authorizing him to do so. *Stratton* v. *Oulton*, 28 Cal. 44.

2. Though there may be no principle of common law by which a judge may hold over, yet, as Chancellor Walworth says, " there are common-law officers, who from the necessity of the case continue to exercise their functions until others are elected or appointed to fill their places." *Philips* v. *Wickham*, 1 Paige, 590, 595. In New Hampshire it was held that in the absence of any statutory provision a district attorney holds over till his successor is qualified. *Hays* v. *Walters*, 8 N. H.

105. In several of the states it has been held that from the necessity of the case civil and corporate officers must hold over unless there is an express *prohibition* to the contrary. *McCall* v. *Byram Manuf. Co.*, 6 Conn. 428; *Spence* v. *Champion*, 9 Conn. 436; *Trustees* v. *Hills*, 6 Cow. 23, 25 ; *Betheny* v. *Spencer*, 10 Conn. 200 ; 28 Cal. 44; 4 Md. 189.

3. If the design and object be clear, though no provision appears in the Constitution to carry out the design, the Constitution and laws ought not to be so construed as to cripple any department of the government. 9 Wheat. 1.

4. In Indiana it was decided if one takes possession of an office with color of title, as long as he remains he will be an officer *de facto*, and should his rights never be contested he will be an officer *de facto* and *de jure*. If he has taken possession, the burden of proof and of proceeding to oust him will be on the party claiming adversely. *State* v. *Jones*, 19 Ind. 356.

5. The payment of the salary of an officer to one is not a bar to the recovery of the salary by the person legally entitled thereto. *Dorsey* v. *Smith*, 28 Cal. 21.

*Harris & George*, on the same side.

*Peter P. Bailey*, for the defendant in error.

A chancellor in this State cannot hold over his constitutional term of four years. Const. art. 6, §§ 11, 17.

Whenever the Constitution has intended that an officer should hold over his term it has said so. Const. art. 5, § 22, provides that the governor, lieutenant-governor, secretary of state, auditor of public accounts, sheriffs, coroners, treasurers, assessors, and surveyors, shall hold their offices for the term for which they were elected . . . and until their successors are duly qualified to enter on the discharge of their duties. Art. 8, § 2, makes the same provision for the State superintendent of education. But see art. 6, § 19, where provision is made for the appointment of a clerk of the Supreme Court, and the election of clerks for the Circuit and Chancery Courts ; and, in same article, § 20, where provision is made for the election of supervisors of counties; § 25, where provision is made for the election of an attorney-general ; § 2, where provision is made for the appointment of supreme

judges; and § 11, where provision is made for the appointment of circuit judges. There is no provision made in any of these cases for incumbents holding over their constitutional terms. The legislature has not authorized chancellors to hold over their constitutional terms, but says that they shall hold for their constitutional term. Code 1871, § 978.

When not provided for by the Constitution, the legislature may provide the mode of filling vacancies in all offices. Art. 12, § 7. But the legislature has nowhere provided that chancellors may hold over their constitutional term of four years.

Thomas H. Christian's term as chancellor expired on the 29th of June, 1874. His appointment as chancellor on the first day of July, 1874, by Lieutenant-Governor A. G. Davis, acting as governor during the recess of the senate, did not confer on him the office of chancellor for the fourth chancery district. In the case of *Brady* v. *Howe*, 50 Miss. 607, our Supreme Court held that neither the governor nor lieutenant-governor could rightfully appoint a chancellor for the tenth district, to fill a vacancy by expiration of a term after the adjournment of the senate. Governor Adelbert Ames, on resuming the gubernatorial chair, removed the petitioner, and appointed John J. Dennis chancellor of the fourth chancery district; and this appointment was confirmed by the State senate, and acknowledged by the legislative department of the State government, by authorizing the payment of his salary. Laws of Mississippi, 1875, p. 60. Dennis thereby became *de jure* as well as *de facto* chancellor of the fourth chancery district. Thomas H. Christian not having been confirmed by the State senate, and having had a contestant for the office during the time for which he claimed salary, and there being no general acquiescence in his right to hold the office, or giving him color of title to it, was not even a *de facto* officer, but an intruder, and was not entitled to salary as claimed. *Kimball* v. *Alcorn*, 45 Miss. 158; *Brady* v. *Howe*, 50 Miss. 607. There cannot be two *de facto* officers in the same office at the same time. The court below did right in sustaining the demurrer and in dismissing the plaintiff's petition and alternate writ of *mandamus*.

*G. E. Harris*, Attorney-General, for the State.

The plaintiff in error sued in *mandamus* to compel the auditor of public accounts to issue to him a warrant for salary as chancellor.   He was appointed by the government July 1, 1870, and held four years; and on July 1, 1874, was reappointed, in the vacation of the senate, by the lieutenant-governor.   He qualified, and persistently usurped the office until Jan. 1, 1875, and demands the salary.   The demurrer was properly sustained, —

1. Because he was not the chancellor under such an appointment in the vacation of the senate.

2. If the amount demanded was due him, there was no appropriation out of which to pay it.

The Constitution provides that the governor shall appoint the chancellors, with the advice and consent of the senate; and in the vacation of the senate he cannot appoint to fill a regular full term.   *Brady* v. *Howe*, 50 Miss. 619, 620.

There must be an appropriation made by the legislature before the auditor can issue his warrant.   Acts 1873, p. 90, § 4.

The plaintiff had no right to his action of *mandamus* in the absence of the appropriation.   This was a material fact, and should have been averred.   Every thing must be averred that is necessary to show that it is the clear and well-defined duty of the officer to perform the duty required of him.

There was another chancellor for the same district and for the same time, and this matter was brought to the attention of the legislature, and a specific appropriation made to pay the salary to the other chancellor.   See acts of 1875, p. 60, § 1. This was intended as a full payment of the salary of the chancellor of that district for the time embraced in the relator's petition.

CHALMERS, J., delivered the opinion of the court.

The relator, who had served out a full term as chancellor of the fourth chancery district, was upon the expiration thereof re-appointed during a recess of the legislature to another term, by the lieutenant-governor acting as governor.

This court decided, in the case of *Brady* v. *Howe*, 50

Miss. 607, 620, that the governor has no authority to appoint a judge or chancellor to a full term, upon the expiration of a preceding one, during a recess of the senate; that such appointment under the Constitution must either be sent to the senate at its session preceding the expiration of the term, or must be deferred until the next session of the senate succeeding the vacancy; and that, if attempted to be made otherwise, it was void.

The relator, however, claiming that he acted as chancellor, and discharged all the duties of the office for several months subsequent to his pretended re-appointment, brings this action of *mandamus* against the auditor, to compel the payment of his salary.

It is impossible to see upon what theory his suit can be maintained. He cannot be regarded as a judge holding over until the qualification of his successor, for neither by the common law nor by our Constitution are judges permitted to hold over after the expiration of their terms. If regarded as a *de facto* officer his situation is not improved, since it is well settled that a *de facto* officer can maintain no action for compensation. Such an officer exists merely by sufferance, and can assert no affirmative claim of any sort. His acts are good as between third parties while he is permitted to occupy the position; but the instant that he puts his claim to the office into litigation in any shape he must fail, because in truth he has no claim. *Kimball* v. *Alcorn*, 45 Miss. 151. It is moreover a part of the judicial and legislative history of the State that another person (ex-Chancellor Dennis) likewise claimed to have acted as *de facto* chancellor of the same district at the same time, and that his claim was admitted and his salary paid by act of the legislature for the period during which the relator now claims compensation. Acts of 1875, p. 60. If two persons are to receive salaries for the same office, at the same time, it must be by legislative action; or the one who has received nothing must conclusively show that he was and the other was not legally entitled to it. Certainly no such case has been made out.          *Judgment affirmed.*